IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SHAW,<br><br>                Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | No. 1:04-cv-06457-JKS<br><br>MEMORANDUM DECISION |

## I - INTRODUCTION

This action seeks review of the Commissioner's decision denying Sherry Shaw's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-83(f). Currently before the Court is Shaw's motion for summary judgment. Docket Nos. 23 (Mot.); 24 (Mem.); 26 (Opp'n); 29 (Reply). This court has jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g).

## II - BACKGROUND

In August of 2002, Shaw filed concurrent claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging an inability to work as of March 1, 1998. (Administrative Record "AR" 55-57, 263-65). Specifically, Appellant alleged she was unable to work due to back pain and spasms, a spastic colon, ankle swelling, right arm weakness, nausea, poor concentration, sleep apnea, a torn tendon in her right foot, and headaches. (AR 89, 91). Both claims were denied initially and on reconsideration. (AR 33-36, 39-43, 269-72, 275-79). A hearing before an Administrative Law Judge ("ALJ") was held on October 29, 2003. (AR 19, 314-341). On January 24, 2004, the ALJ issued a decision denying Shaw's claims. (AR 19-29). This decision became the final decision of the Commissioner on August 30, 2004, when the

Appeals Council denied Shaw's request for review. (AR 7-9). Shaw then initiated the instant action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

### III - STANDARD OF REVIEW

The district court may disturb the final decision of the SSA only if "it is not supported by substantial evidence or if it is based on legal error." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The court's review must "consider the record as a whole," both that which supports as well as that which detracts from the Secretary's conclusion. *Desrosiers v. Sec. of Health and Hum. Serv.*, 846 F.2d 573, 576 (9th Cir. 1988). Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d at 599.

The law —20 C.F.R. § 404.1505—defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which is expected to result in death or a continuous duration of at least 12 months. The impairment must be severe and prevent the claimant from 1) doing her past relevant work (*see* § 404.1560(b)) and 2) or any other substantial gainful work that exists in the national economy.

Disability claims are evaluated using a five-step sequential analysis. 20 C.F.R. § 404.1520. In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC")—§ 404.1545— to perform any other substantial gainful activity in the national

economy. If so, the claimant is not disabled. If not, the claimant is disabled. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The claimant carries the initial burden of proving a disability in steps one through four of the analysis. *See Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work. *See id*.

## IV - DISCUSSION

In this case the ALJ found at step 1 that Shaw had not engaged in substantial gainful employment during the period in issue. (AR 20). At step 2 the ALJ found that Shaw had medically severe impairments of diabetes mellitus, obesity, sleep apnea and lumbar sprain/strain. (AR 21). The ALJ also recognized that Shaw had depression, but found it did not rise to the level of severe impairment. (AR 21). At step 3, the ALJ determined that none of her impairments viewed in isolation or together met or equaled the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (AR 21). Moving to step 4, the ALJ determined Shaw's residual functional capacity ("RFC") and concluded that Shaw was able and could return to her past relevant work as a dialysis technician. (AR 27).

The Court concludes that ALJ erred in giving the opinions of the examining internist and the consulting physicians greater weight than that of the treating physician. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007). The Court also concludes the ALJ erred in rejecting the opinion of the examining psychologist, Dr. Kalman. *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1996).

### A.     Rejection of Treating Physician's Opinion

The ALJ mentioned that Dr. Benedicto Estoesta, Shaw's treating physician, wrote a letter "certifying" that Shaw's ailments justified medical disability. (AR 26). The ALJ then wrote a conclusory paragraph rejecting Dr. Estoesta's opinion because it was conclusory, unsupported by the medical evidence of record, and relied in part on Shaw's subjective complaints. (AR 26). The ALJ barely noted on the following page that Dr. Estoesta had also completed a RFC questionnaire. (AR 27). This too was summarily rejected with a mere note directing the reader to see the earlier discussion of Dr. Estoesta's opinion. (AR 27). The ALJ instead chose to give

great weight to the opinions of examining physician Dr. Johnson and non-examining physicians Dr. Thornberg and Dr. Fontaine.  (AR 24-26).

The teachings of *Orn* are clear.  If the treating physician's opinion is well supported by medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial evidence in the record, it must be given controlling weight.  *Orn*, 495 F.3d at 632, 635.  Even if the opinion of the treating physician is contradicted by another physician, it must still be given greater weight than that of an examining or consulting physician and may not be rejected without providing specific and legitimate reasons supported by substantial evidence in the record.  *Orn*, 495 F.3d at 632, 634.  The reasons articulated by the ALJ in this case do not meet that test.

First, the ALJ erred in dismissing Dr. Estoesta's opinion as conclusory.  The ALJ was correct that Dr. Estoesta's certification letter was conclusory, but Dr. Estoesta's opinion also comprised the completed RFC questionnaire which was supported by lab work and sleep studies.  (AR 246-51).  It appears that the RFC was mentioned as an afterthought and not genuinely considered.  (AR 26-27).  Second, there is no substantial evidence to support the ALJ's conclusion that Dr. Estoesta's opinion was unsupported by the medical record.  The ALJ gives us only a hint at what exactly is unsupported, stating that the medical evidence of record documents some of the diagnoses, but that it also shows "the claimant's conditions are controlled with appropriate treatment and medication."  (AR 26).

The Commissioner argues that the opinion of Dr. Johnson constituted substantial evidence upon which the ALJ was entitled to rely in rejecting Dr. Estoesta's opinion.  Docket No. 26 at 9-10.  Although Dr. Johnson was of a different opinion on Shaw's residual functional capacity, his findings were similar to those of Dr. Estoesta.  Dr. Estoesta found that Shaw had shooting pains in her legs and feet after standing, and frequently complained of chronic pain.  (AR 224, 306-07).  Dr. Johnson described finding pain to palpitation of the mid lumbar area and noted some asymmetry in the reflexes of the lower extremities and reduced sensation in the right leg. (AR 179).  Dr. Johnson noted the possibility of lumbar nerve root compression and found that the back pain was real.  (AR 179).  More importantly, Dr. Johnson did not have the benefit of reviewing most of the medical evidence of record as his examination was conducted very early

in the process. Consequently, there is no discussion or assessment of Shaw's depression or sleep apnea in Dr. Johnson's report. (AR 175-179).

The Commissioner also points to the ALJ's review of the medical evidence as substantial evidence upon which Dr. Estoesta's opinion could be rejected: "The ALJ noted that the clinical findings regarding Appellant's back and spine were minimal, that there were no signs of radiculopathy on straight leg raising, and that Appellant's conditions were controlled with appropriate treatment." Docket No. 26 at 12. The ALJ's statements however were conclusory and failed to point to specific points to support these conclusions. On the contrary, Dr. Estoesta's opinion is supported by the results of the various sleep studies, abnormal laboratory reports, and his findings on examination. (AR 185-96, 213-19, 221, 223-29, 237-43, 246, 262, 305-10). As such, the ALJ's rejection of the treating physician's opinion was error.

### B.     Rejection of the Examining Psychologist's Opinion

Shaw underwent psychiatric evaluation by Dr. Kalman in June of 2003. (AR 26). Dr. Kalman diagnosed Shaw with Adjustment Disorder, depressed, chronic, secondary to general medical condition and Dysthymic Disorder. (AR 203). Dr. Kalman opined that Shaw was markedly or moderately limited in several areas. (AR 205-06).

The ALJ completely rejected Dr. Kalman's report because "it is wholly unsupported by the medical evidence of record," was sought for the purpose of establishing benefits, and was only a one-time examination. (AR 26-27). As an examining physician whose opinion was not contradicted by the opinion of another medical provider, the ALJ was required to set forth "clear and convincing" reasons to reject Dr. Kalman's opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ's cited reasons are not clear and convincing and he erred in rejecting Dr. Kalman's opinion.

First, the purpose for which the report was sought does not provide a legitimate basis for rejecting the opinion. *Id*. at 832. The Commissioner's argument that *Chater* does not apply is inapposite because Dr. Kalman's opinion was consistent with the mental status findings, the record, and the treatment which Shaw sought from her treating physician. (AR 200-07). The Commissioner's argument that Dr. Kalman's report was inconsistent with a statement made by physician assistant Cahoon that Shaw appeared to be doing well on the depression medication is

simply not a valid comparison.  Second, the ALJ's conclusion that Dr. Kalman's opinion was wholly unsupported by the record was wrong.  To the contrary, the continued prescription of an anti-depressant and frequent complaints of fatigue and depression support Dr. Kalman's opinion.  The ALJ failed to supply clear and convincing reasons and thus erred in rejecting the opinion of examining psychologist Dr. Kalman.

**IT IS THEREFORE ORDERED**

Shaw's motion for summary judgment at **Docket No. 23** is **GRANTED**.  The decision of the SSA is therefore **REVERSED** and the matter **REMANDED** with directions to reconsider giving proper weight to the opinions of the treating physician under *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007), and the examining psychologist under *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1996).

The Clerk of the Court to enter judgment accordingly.

Dated this the 28th day of September 2007.

s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge
